**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YURI BARBOSA DA SILVA<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | ) | Case No. 26-cv-13255-LTS |

**MOTION TO ENFORCE THIS COURT'S ORDER AND FOR FUTHER HABEAS RELIEF**

Petitioner Yuri Barbosa Silva, by and through his undersigned counsel, respectfully requests that the Court enforce its Order dated July 29, 2026 (as amended on August 3, 2026), ECF #21, 23. On August 10, 2026, Respondents held a hearing but, as explained in the accompanying memorandum, Immigration Judge Julian Nierva (the "IJ) denied bond Petitioner bond or any alternatives to detention in a proceeding and decision that did not comply with this Court's Order, the Due Process Clause of the Fifth Amendment of the United States Constitution, or the standards in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).

Instead, despite the obvious inaccuracies and unreliability of the I-213 and the police reports provided, the IJ found that the Petitioner was a danger to the community and a risk of flight and, in a summary conclusion, that no alternatives to detention could ameliorate. In fact, as demonstrated at the bond hearing, every line of the criminal history set forth in the I-213 was incorrect. Although the Respondents suggested, and the Immigration Judge accepted, that this was because the I-213 was written on July 1, 2026, in fact, most lines were inaccurate at the time written, and this form was filed by Respondents on July 31, 2026 without correction or update or

even concession that it falsely stated that the Petitioner was convicted of a crime when in fact the charges were dismissed.

Moreover, the police reports relied upon were either probative of the Petitioner's innocence or simply not probative and certainly could not rise to the level of sufficient evidence to support a finding of clear and convincing evidence of dangerousness.

In addition, the IJ's summary conclusion on risk of flight, without any analysis of alternatives to detention, also fails to comply with this Court's Order and First Circuit law. For all of these reasons, and the extraordinary circumstances that Petitioner is now caring for a brand-new baby, a seven-year-old stepdaughter and his recovering fiancée, Petitioner asks that this Court grant further habeas relief of continued release from custody.

Wherefore, Petitioner respectfully requests this Court order Respondents to continue to release and not re-detain Petitioner during the pendency of his removal proceedings, absent changed circumstances or a further order of this Court, and upon such conditions as this Court deems appropriate, award attorneys' fees and costs, and grant any further relief this Court deems just and proper. Petitioner submits the bond hearing Exhibits 1-5, as well Exh A (the Decision of the IJ), Exh B (summary chart of I-213 criminal history inaccuracies) in support of his Motion and Memorandum.

Respectfully submitted,

Dated: August 20, 2026

*<u>/s/ Sara Miron Bloom</u>*

Sara Miron Bloom, Esq. (#552351)
Mass Deportation Defense
Two Center Plaza, Suite 520
Boston, MA 02108
Tel: 617.367.0077 x 206
Email: smb@massdeportationdefense.org

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE AND PURSUANT TO LOCAL RULE 7.1

I hereby certify that on August 20, 2026, I electronically filed the within document and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

I further certify that on or about August 12, 2026, I emailed with counsel for the Respondents in a good-faith effort to narrow or resolve the issues presented by this motion, but was unable to reach a resolution.

*/s/ Sara Miron Bloom*